NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VILMA LETICIA SANTOS DIAZ, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   15-73452 <br><br> Agency No. A200-824-042 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 16, 2018**

Before:    REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Vilma Leticia Santos Diaz, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's decision denying her application for withholding of

removal, relief under the Convention Against Torture ("CAT"), and administrative

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

closure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Santos Diaz's challenge to the agency's denial of administrative closure. *See Diaz-Covarrubias v. Mukasey*, 551 F.3d 1114, 1118-20 (9th Cir. 2009).

Substantial evidence supports the agency's determination that Santos Diaz failed to demonstrate a nexus between the harm she fears and a protected ground. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017) (applicant seeking withholding of removal must prove that a protected ground was a reason for persecution); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members has no nexus to a protected ground"). Thus, Santos Diaz's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Santos Diaz failed to show it is more likely than not that she would be tortured by or with the consent or acquiescence of the government of Guatemala. *See Aden v.*

*Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject Santos Diaz's contention that the BIA violated due process by failing to rule on her "motion to remand" as raised in her appeal brief to the BIA. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**